UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:  Case No.: 8:16-bk-07178-CPM
Chapter 7

RONALD LYNN HURST and
CAROLINA D. HURST,

    Debtors.
_____/

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 801 N. Florida Avenue, Tampa, Florida 33602 and serve a copy on the movant's attorney, Karen S. Cox, Esq., Bush Ross, P.A., 1801 N. Highland Avenue, Tampa, Florida 33602, and any other appropriate persons within the time allowed.**
>
> **If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

### MOTION OF HERITAGE ISLES GOLF & COUNTRY CLUB COMMUNITY ASSOCIATION, INC. FOR RELIEF FROM THE AUTOMATIC STAY

Heritage Isles Golf & Country Club Community Association, Inc. (the "**Association**"), by and through undersigned counsel, and pursuant to Section 362(d) of Title 11, United States Code (the "**Bankruptcy Code**"), moves the Court for the entry of an order granting it relief from the automatic stay and in support thereof states:

1. On August 22, 2016 (the "**Petition Date**"), Renald Lynn Hurst and Carolina D. Hurst (the "**Debtors**"), filed a voluntary petition (the "**Petition**") under Chapter 7 the Bankruptcy Code in the United States Bankruptcy Court, for the Middle District of Florida, Tampa Division.

2. The Debtors own certain real property located in Hillsborough County, Florida (the "**Property**"). The Property is more particularly described as follows:

> Lot 16, in Block 39, of HERITAGE ISLES PHASE 3 B, according to the Plat thereof, as recorded in Plat Book 90 at Page 10, of the Public Records of Hillsborough County, Florida.
>
> More commonly known as: 10658 Grand Riviere Dr., Tampa, Florida.

3. The Property is subject to the Declaration of Covenants, Conditions and Restrictions for Heritage Isles (the "**Declaration**") and the Heritage Isles Architectural Guidelines, Standards and Criteria (the "**Architectural Guidelines**").

4. Article X, Section 3 of the Declaration provides as follows:

> Section 3. <u>Enforcement</u>. The Association, the Declarant and any Owner, shall each have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration or as may be expressly authorized by deed restrictions as described in Section 1 of this Article. Failure of the Association, Declarant, or any Owner to enforce any covenant or restriction herein or therein contained shall in no event be deemed a waiver of the right to do so thereafter. If a person or party is found in the proceedings to be in violation of or attempting to violate the provisions of this Declaration or such deed restrictions, he shall bear all expenses of the litigation, including court costs and reasonable attorney's fees, including those on appeal, incurred by the party enforcing them. Declarant and Association shall not be obligated to enforce this Declaration or such deed restrictions and shall not in any way or manner be held liable or responsible for any violation of this Declaration or such deed restrictions by any person other than itself. Any costs incurred by the association in seeking enforcement of any provision of this Declaration, including reasonable attorney's fees, shall be payable by the individual against whom enforcement is sought, whether suit is brought or not and shall be secured by a lien against such Lot, as provided in Article VI, Section 9 of this Declaration and collected pursuant to Article VI Sections 10 and 11. The Association may levy fines up to $100 per violation of the governing documents, against any Owner or any tenant, guest, or invitee. A fine may be levied for each day of a continuing violation, with a single notice and opportunity for hearing, except that a fine may not exceed $1,000 in any 30 day period in the aggregate. A fine which is not less than $1,000 shall be secured by a lien

against such Lot, in the same manner as an assessment pursuant to Article VI of this Declaration.

5.      Prior to and as of the filing date of this Complaint, Defendants have continued to violate the Declaration and Architectural Guidelines. Specifically, the Defendants have failed to repaint the exterior of the home.

6.      The foregoing condition of the Property violates Article VIll, Section 14 of the Declaration and Article III, Paragraph G, titled "*Lot and Dwelling Upkeep*", of the Architectural Guidelines.

7.      Article VIII, Section 14 of the Declaration provides as follows:

> Section 14. <u>Lot and Dwelling Upkeep.</u>  All Owners of Lots with completed Dwellings thereon shall, as a minimum, have grass, with said grass being regularly cut and all trash and debris removed. In addition, the Owner of each Lot shall maintain the Dwelling located thereon in good repair, including, but not limited to the exterior paint and appearance of the Dwelling. Roofs and/or exterior surfaces and/or pavement, including, but not limited to, walks and drives which shall be pressure washed as needed. All pools shall be adequately maintained and chlorinated (or cleaned with similar treatment). If an Owner of a Lot fails, in the covenants committee sole discretion, subject to review by the Board of Directors if requested by the violator or the Board's sole discretion, based upon standards adopted by the DRB and approved by the Board, to maintain their Lot, Dwelling or any improvements thereon, as required herein, the Association, upon forty-eight (48) hours prior written notice sent certified or registered mail, return receipt requested, or hand delivered, may have such work performed, and the cost thereof shall be secured by a lien against such Lot, as provided in Article VI, Section 9 of this Declaration and collected pursuant to Article VI, Sections 10 and 11.
>
> Every Owner shall be required to irrigate the grass and landscaping located on the Lots in a routine and ordinary manner, and shall ensure that sufficient irrigation occurs during all periods when the Owner is absent from the Lot.

8.      Article Ill, Paragraph G, titled "*Lot and Dwelling Upkeep,*" of the Architectural Guidelines provides in pertinent part as follows:

> Lots shall be maintained in good repair, including, but not limited to the exterior paint (every 7 years) and appearance of the Dwelling. Homes shall be cleaned free of mold/mildew/dirt on the exterior surface of the home, oil & rust stains cleaned from driveways, etc.

3

9. The Association has notified Defendants of the foregoing violation of the Declaration and Architectural Guidelines, but Defendants continue to violate the same.

10. On August 1, 2016, the Association commenced an action for injunctive relief in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in Case No. 16-CA-7171.

11. Without injunctive relief, the Association is suffering and will continue to suffer irreparable harm.

### RELIEF FROM THE AUTOMATIC STAY

12. Pursuant to Section 362(d) of the Bankruptcy Code, the Association is entitled to relief from the automatic stay to pursue its claim for enforcement of the Declaration and Architectural Guidelines.

13. Cause exists for relief from the automatic stay because the Debtors continue to engage in a course of conduct that has not allowed the Association to protect its interest in the Property. Moreover, the Debtors have surrendered the Property.

14. The Association requests that the Court waive the fourteen (14) day stay of the Order Granting Relief from Stay pursuant to the Bankruptcy Rule 4001(a)(3) so that the Association can pursue its remedies without further delay.

15. The Association requests that the Court award it $450 in attorneys' fees and $176 in costs for the prosecution of this Motion.

WHEREFORE, the Association requests that this Court enter an order (i) finding that cause exists to grant it relief from the automatic stay under Section 362(d); (ii) granting it relief to pursue its rights under applicable law for injunctive relief to enforce the Declaration and Architectural Guidelines and to pursue its *in rem* remedies against the Property; (iii) waiving the

fourteen day stay of the order granting relief from stay, (Iv) awarding attorneys' fees in the amount of $450 and costs in the amount of $176, or providing that a state court judge may award such fees and costs; and (v) granting such other and further relief as the Court deems just and proper.

Dated: Tampa, Florida
October 7, 2016

                    BUSH ROSS, P.A.
                    Post Office Box 3913
                    Tampa, Florida  33601-3913
                    (813) 224-9255
                    (813) 223-9620 (telecopy)
                    Attorneys for Heritage Isles Golf &
                    Country Club Community Association, Inc.


By:   /s/ Karen S. Cox
        Karen S. Cox
        Florida Bar No. 456667
        *kcox@bushross.com*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 7, 2016, I electronically filed a true and correct copy of the foregoing with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document(s) to the following parties in the manner of service indicated below:

                                                                                     /s/ Karen S. Cox
                                                                                          ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

Bouavone Amphone, Esq.
Alan D. Borden, Esq.
Austin M. Noel, Esq.
Christina V. Paradowski, Esq.
Beth Ann Scharrer, Trustee
United States Trustee

**Via first class United States Mail, postage prepaid, to:**

Debtor, Ronald Lynn Hurst, 10660 Grand Riviere Dr., Tampa, Florida 33647

Debtor, Carolina D. Hurst, 10660 Grand Riviere Dr., Tampa, Florida 33647

Debtors' Counsel, Alan D. Borden, Esq., Debt Relief Legal Group, LLC, 901 W. Hillsborough Ave., Tampa, Florida 33603

Trustee, Beth Ann Scharrer, Post Office Box 4550, Seminole, Florida 33775-4550

United States Trustee, 501 E. Polk St., Suite 1200, Tampa, Florida 33602