ORDERED.

Dated: October 21, 2016

*Catherine M. Ewen*
Catherine Peek McEwen
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

In re:

| | |
|---|---|
| RONALD LYNN HURST | CASE NO.    8:16-bk-07178-CPM |
| CAROLINA D. HURST | |
| | CHAPTER    7 |
| Debtors. | |
| _____/ | |

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**THIS CASE** came on for consideration without a hearing on the Motion for Relief from the Automatic Stay filed by CIT Bank, N.A., formerly known as OneWest Bank, N.A., formerly known as OneWest Bank, FSB, its successors and/or assigns (the "Movant") (Doc. No. 11), pursuant to the negative notice provisions of Local Rule 2002-4. Having considered the Motion and the absence of any record objection to the relief

requested in the Motion by any party in interest, the Court deems the Motion to be uncontested. Accordingly, it is

**ORDERED:**

1. The Motion for Relief from the Automatic Stay is granted.

2. The automatic stay arising by reason of 11 U.S.C. §362 of the Bankruptcy Code is terminated as to Movant's interest in the following property:

Lot 16, in Block 39, HERITAGE ISLES PHASE 3B, according to the Map or Plat thereof recorded in Plat Book 90, Page 10, as recorded in the Public Records of Hillsborough County, Florida.

**AKA 10658 Grand Riviere Drive, Tampa, Florida 33647 ("Collateral").**

3. The automatic stay is modified for the sole purpose of allowing Movant to complete *in rem* relief to take any and all steps necessary to exercise any and all rights it may have in the collateral, to gain possession of said collateral, to have such other and further *in rem* relief as is just, but the Movant shall not obtain *in personam* relief against the Debtor.

Attorney Austin M. Noel is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.